### Cossart vs. Spence.

A collector has no legal authority to receive payment of taxes, and execute a receipt therefor, before the assessment of the property.

*Appeal from Clark Circuit Court in Chancery.*

Hon. Len. B. Green, Circuit Judge.

Gallagher, for appellant.

Flanagin, for appellee.

Mr. Chief Justice English delivered the opinion of the Court.

On the 16th January, 1858, Sol. Spence, sheriff and collector of Clark county, having received of Joseph Cossart, in money and otherwise, a sum equal to the amount of his taxes for the years 1856 and 1857, executed to him the following receipt:

" Received of Joseph Cossart, his state and county tax in full for the years 1856 and 1857.

" State tax———, County tax———.

"16th day of January, 1858.

SOLO. SPENCE, *Sheriff.*"

At the time this receipt was given, the property of Cossart had not been assessed for the year 1857.

On the 8th of April, 1858, Sol. Spence departed this life, and Thomas F. Spence was appointed, and qualified as his successor in the office of sheriff and collector. Ascertaining that a number of tax payers had not been assessed for the year 1857, and among them Cossart, he made out and returned an additional assessment list, including the property of Cossart, upon

which a supplemental tax book was issued to him, with a warrant attached, for the collection of the taxes therein charged.

He demanded of Cossart the amount of taxes charged upon real estate assessed to him, which he refused to pay, and Spence proceeded to advertise the property for sale, etc.

Cossart filed a bill to injoin the sale, on the ground that the receipt of Sol. Spence was a discharge of the taxes. The court granted a temporary injunction, which was dissolved on the final hearing, the bill dismissed, and he appealed.

The property of Cossart not having been assessed for the year 1857, at the time the receipt was given to him, Sol. Spence had no legal authority to receive of him payment of the taxes, or to execute to him a receipt therefor. The collector derives his authority to collect taxes from the assessment, the tax book, and warrant attached, and a payment to him before the assessment is a mere personal and unofficial transaction between him and the tax payer, and no legal discharge of taxes subsequently assessed.

The agreement between the parties placing the whole case upon the validity of the receipt, the decree of the court below must be affirmed.